Howedd, J.
This is an .hypothecary action to subject certain property, in the possession of the defendants, to a special mortgage granted by Pierre Devergfes to secure the payment of a promissory note for $12,988 95, dated New Orleans, March 2d, 1855, and payable in one year, to the order of the plaintiff.
The main question presented is, whether this mortgage which was duly recorded, has been erased in such a manner as to bind plaintiff.
It is shown that on the 6ft July, 1857, Joseph. Lisbony, then a notary, granted a certificate, under the provisions of Art. 3346, C. C., to the effect that on the 8ft March, 1855, P. Deverges presented to him said note duly paid, and which he (the notary) cancelled and 'innulled (“ biffé et annullé ”); and that upon the presentation of this certificate, the recorder erased the mortgage, on the 8th July, 1857, after which Devergés sold the property in question which, through mesne conveyances, is now held by the appellants. The note was produced by the plaintiff on the trial viilhoui any appearance of having heen cancelled or annulled as stated in the certificate, but on the contrary, it bears on its face a partial release by the same notary, on the 25ft April, 1855, about seven weeks after he certifies it had been presented to him by the maker as duly paid. The certificate is positively false as to the cancelling of the note, and evidently false as to its having been presented on the 8th March, 1855, six days after its date, duly paid; for the inscription of partial release was made in April, *425 following, with the consent, implied, at least, of the payee and holder, who presents it with said inscription, which would not have been made if the note had then been paid. Suspicion is excited by the statement in the certificate that the note had been presented as paid at date prior to the date of the certificate. The object of the presentment is to obtain the certificate, and is naturally supposed to be made when the certificate is wanted and obtained. The certificate being false in one recital may be presumed to be false in all material recitals and was therefore not legal authority for the erasure by the recorder. There is no evidence to prove that the note was paid, or that the plaintiff consented to the erasure of the mortgage, and consequently she cannot be bound by the certificate of the recorder of mortgages that no mortgage existed — her consent being essential.
It has been often held that such a certificate is only prima facié evidence of the facts stated in it, and may be contradicted. 5 M. 625; 11M'. 526; 8 R. 130. In the last case quoted, the Court said, “ The mortgagee may show that the certificate is untrue; that the recorder acted on insufficient evidence, and without his consent; or, in case of an erasure by judgment, that he was not a party to the action brought, or proceeding instituted to cancel his mortgage. In such cases the mortgage, we think, exists unimpaired even against the innocent vendee, who has bought on the faith of a certificate that there was no mortgage on the property. If the latter be evicted the recorder of mortgages” (or the notary) “is’responsible in damages to him. ”
This view, the Court continued, is confirmed by the fact that an article in the Code of 1808, sanctioning the contrary doctrine, was omitted in the Code of 1825, as inconsistent, no doubt, with the rights of the mortgagor.
In this opinion, as to the effect of an illegal or unauthorized erasure, we fully concur.
The evidence in the record, legally admissible, as to the alleged kuovv-' ledge or implied consent of the plaintiff, and as to the plea of prescription, is insufficient, We think the lower court did not err in excluding the written unsworn statement of 30th December, 1859, of the notary Lisbony (since deceased) in regard to the certificate given by him, and also the act of mortgage given by Devergés to Ernest de St. Romes on 25th November, 1857. The plaintiff could not be bound by either. One was invoking ex parte evidence, not under oath, after the act; and the other was res inter alios acta.
The testimony of the witness, Eoulon, does not sustain the certificate of the notary Lisbony. The dates do not correspond. The certificate does not state that the note was presented when Lisbony gave the certificate. More than two years intervened between the alleged presentation of the note and the giving of the certificate. It nowhere appears in the record that Deverges had the note in his possession on the 6th July, 1857, when the certificate was given. Nor does the proof that Deverges was the agent of plaintiff support the defence. He is represented as' having paid the note, and he is not presumed to have been entrusted with his own note before its maturity, and the fact that it was not endorsed by ' *426 plaintiff (being made to her order) is a presumption that it was never passed off by lier ,or from her possession. •
We think the reservation of defendants’ rights against their warrantors, as, made by .the. Judge a.quo. was- sufficient, and authorized under the circumstances.
It is therefore prder.ed that the .judgment appealed from be affirmed, with costs., ,